Peck, J.
delivered the opinion of the court.
After the cause had been submitted to the jury, the plaintiff produced a bill of sale for the negro.
It was objected that the action being case and not covenant, and the plaintiff having offered a bill of sale under seal, the action in the form brought could not be maintained, and it'was moved to have a non-suit entered; upon argument of which motion, it was considered by the court that the plaintiff had misconceived his action, “for *532 that an action of covenant should have been brought upon the bill of sale, and that no parol evidence could be heard in support of the action of assumpsit, and that the action would not lie; and thereupon the court ordered that the plaintiff should be called, and a non-suit entered;” which was done.
This is erroneous. The court had a right to judge of the admissibility of the evidence offered, and to reject it if inadmissible. But no case is recollected where our courts have tolerated the practice of ordering a non-suit. This is sufficient to reverse the judgment. But a question not void of difficulty, and not hitherto brought before us, is presented on the rejection of the evidence offered; and that is, whether the instrument offered in evidence was a sealed instrument; it does not purport to be such upon its face; true a scroll is affixed to the name. Is this sufficient to give the instrument the character of a deed without the testimonial of intention to seal, in the body? In Virginia, South Carolina and Alabama, such instrument is not held to be a deed. But a majority of this court thinks that the construction on our act of 1801, though in the language of the Virginia statute, has had a different construction in this state-, and the understanding of the whole community makes the law on this point.
. Judgment reversed.